**FILED**

**JAN 2 1 2011**

No. 5:09-CT-3132-BO

DENNIS P. IAVARONE CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

RICKEY ESQUIVEL, )
     Plaintiff, )
                  )
         v.             )     O R D E R
                  )
DR. HINES, et al., )
     Defendants. )

       Plaintiff is presently an inmate in custody at Nash Correctional Institution. On August 3,

2009, he filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff names nine defendants. To

date only four defendants have been served. One defendant is now before the court with a

motion to dismiss for failure to exhaust (D.E. # 28). Defendant raises the affirmative defense of

plaintiff's failure to exhaust administrative remedies before filing this action.

       "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.' [citing Bell Atlantic Corp

v.Twombly, 550 U.S. 544, 570 (2007)]. A claim has facial plausibility when plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged. Id. at 556." Ashcroft v. Iqbal, 556 U.S. ___ , ____ , 129 S. Ct.

1937, 1949 (2009).

       The Prison Litigation Reform Act ("PLRA") states, "[n]o action shall be brought with

respect to prison conditions [under section 1983], or any other Federal law, by a prisoner . . .

until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see

Woodford v. Ngo, 548 U.S. 81, 83–86 (2006); see also Jones v. Bock, 549 U.S. 199, 216 (2007)

("[F]ailure to exhaust is an affirmative defense under [42 U.S.C. § 1997e] . . . ."); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211-212 (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)). A prisoner must exhaust his administrative remedies, regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

The North Carolina Department of Correction ("NCDOC") does not require a plaintiff to name each defendant in his grievances. See Moore v. Jones, 517 F.3d 717, 726 (2008); cf. Jones, 549 U.S. at 219 ("[E]xhaustion is not per se inadequate simply because an individual later sued was not named in the grievance."). The state's procedure requires a prisoner to submit a "Grievance Statement" and the desired remedy on a Form DC-410. See NCDOC ARP § .0310(a); Moore, 517 F.3d at 725. One purpose of a prison grievance system is to allow administrators a fair opportunity to address the problem that will later form the basis of suit. Jones, 549 U.S. at 219; Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004); Moore, 517 F.3d at 729. Thus, an inmate is required to allege conduct that will later be challenged in the civil lawsuit. See Moore, 517 F.3d at 729; Harris v. Commonwealth, No. 3:07CV701, 2008 WL 1869279 *4 (E.D. Va. Apr. 24, 2008) (unpublished); Jackson v. Hopper, No. 1:05CV96, 2007 WL 4320741 *1 (M.D.N.C. Jan. 25, 2007) (unpublished).

While this court does not find dismissal appropriate because Dr. Hinds is not named within the grievances, plaintiff has failed to exhaust the claims against Dr. Hinds. See Jones, 549 U.S. at 219. Plaintiff's grievances, attached to his complaint, do not reference the claims

2

plaintiff makes against Dr. Hinds. The two grievances attached to plaintiff's complaint raise issues regarding a spinal injury, MRI, and neurology appointment. Within the complaint, plaintiff argues that Dr. Hinds did not give proper medication or prescription refills. (compl., "Doctor Hind taking some refill away.") Dr. Hinds' conduct has not been challenged or mentioned within the grievances, and Dr. Hinds is DISMISSED for plaintiff's failure to exhaust this claim.

Secondly, the court is unclear as to plaintiff's intentions to continue with this suit. Plaintiff is notified that he must respond to this order prior to any further proceedings within this case. Plaintiff was allowed an opportunity to amend his complaint after requesting an extension of time. (D.E. # 25) However, plaintiff did not file an additional claim. Furthermore, plaintiff did not respond to the motion to dismiss. Accordingly, plaintiff is directed to show cause not later than February 1, 2011, why the action should not be dismissed for failure to prosecute. Local Civil Rule 83.3, EDNC.. His failure to respond shall result in its dismissal without prejudice.

If plaintiff does respond and seeks to pursue the matter, the Attorney General is ORDERED to provide the court with the full names and last known addresses of Dr. Guleria, L.P.N. Hunter, A. Rowe, R.N. Sanders, and R.N. Bailey. Each of these defendants had summons returned unexecuted. If the party defendant is no longer employed by the Department of Correction, the requested information shall be provided under seal and will be disclosed only to the relevant court personnel, the United States Marshal, and any of the Marshal's deputies or employees engaged in providing service of process. The information shall be provided within 14 days of the filing of the response from plaintiff that he seeks to proceed with this suit. If plaintiff

3

does not respond, or responds that he seeks to terminate the case, the case shall be dismissed without prejudice and the Attorney General will not be required to provide the above set out information.

Accordingly, Dr. Hinds' motion to dismiss for failure to exhaust is ALLOWED (D.e. # 28) and Dr. Hinds is DISMISSED; plaintiff must respond to the court by February 1, 2011, as to whether this case shall be dismissed without prejudice; and the Attorney General is instructed to provide the addresses of the unserved defendants, as set out above, if the matter is not dismissed.

SO ORDERED, this the __✝/__ day of January 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4